**Diego GONZALEZ, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5056.**

United States Court of Appeals First Circuit.

Submitted Feb. 7, 1956.

Decided May 24, 1956.

Rodrigo Otero Suro, San Juan, P. R., on the brief for appellant.

Ruben Rodriguez Antongiorgi, U. S. Atty., and Luis Domingo Miranda, Asst. U. S. Atty., San Juan, P. R., on the brief for appellee.

Before MAGRUDER, Chief Judge, and BIGGS* and WOODBURY, Circuit Judges.

BIGGS, Circuit Judge.

This is an appeal from a judgment resentencing the defendant, Gonzalez, for violations of the narcotics laws. In a previous appeal, reported at 1 Cir., 1955, 224 F.2d 431, we reversed an order of the court below refusing to grant a motion made by Gonzalez pursuant to Sec-

tion 2255, Title 28 U.S.C., to correct a sentence of imprisonment imposed upon him as a second offender. It is enough to state here that we held Gonzalez could not be sentenced as a second offender. In a concurring opinion, Chief Judge Magruder suggested that our decision might prove a "hollow gesture" insofar as Gonzalez was concerned, for upon resentencing the trial court could impose on him as long a period of imprisonment as before simply by sentencing on the counts of the multicount indictment consecutively instead of concurrently as initially. A petition for rehearing was filed, requesting that we specify that on resentencing the court below should reduce the length of the sentences without changing the original requirement that they be served concurrently, and asserting. that to sentence Gonzalez *de novo* would be illegal. We denied this petition.

Thereafter, on September 9, 1955, the trial court vacated and set aside the sentences previously imposed. On September 29, 1955, Gonzalez personally appeared before the bar of the court for sentencing. Gonzalez' counsel moved that sentence not be imposed *de novo*, reasserting the argument made to this court in the petition for rehearing. The court below denied the motion and proceeded to impose sentences of imprisonment upon Gonzalez pursuant to the suggestion in Chief Judge Magruder's concurring opinion. The court below reduced the sentences of imprisonment on the individual counts but provided that some of them were to be served consecutively, so that the total imprisonment was ten years, the same total time as had been imposed on the previous sentencing.

On October 13, 1955, Gonzalez filed his notice of appeal. On November 16, 1955, the Government moved to dismiss the appeal as not timely taken. See Rule 37(a) (2), F.R.Cr.P. 18 U.S.C. Gonzalez filed a handwritten opposition thereto on November 30, 1955. On December 1, 1955, this court postponed ac-

* Judge Biggs, a circuit judge of the Third Circuit, was designated to sit in the Court of Appeals for the First Circuit by Mr. Chief Justice Warren.

tion upon the motion until the hearing on the merits.

Gonzalez argues first that the time for filing the notice of appeal in the case at bar was governed by Rule 73(a), F.R.Civ. P., 28 U.S.C. and not by Rule 37(a) (2), F.R.Cr.P. Second, he urges that even if the Rules of Criminal Procedure are applicable, the notice of appeal was nonetheless timely because of the lack of written notice, required by Rule 49(c), F.R. Cr.P., of the court's order of sentencing. Next, he argues that, in any event, the time limit for taking an appeal could not be enforced as against him because he was at the time incarcerated and because of alleged shortcomings of his court-appointed counsel. He asserts also that it would be an idle gesture to dismiss the appeal because the issue could be raised by a second motion to correct the sentences pursuant to Title 28 U.S.C., § 2255.

▮ Gonzalez cites Mercado v. United States, 1 Cir., 1950, 183 F.2d 486, in support of his argument that the Civil Rules govern the appeal time here. That case concerned an appeal in a Section 2255 proceeding. But this is not a Section 2255 proceeding, for this court vacated the initial sentencing by the district court as appears in 224 F.2d at page 436. The present appeal is from the judgment of sentencing and therefore is covered by Rule 37(a) (2), F.R.Cr.P. Gonzalez had only ten days in which to file his notice of appeal.

▮ On the second point, Gonzalez cites Oddo v. United States, 2 Cir., 171 F.2d 854, certiorari denied, 1949, 337 U.S. 943, 69 S.Ct. 1498, 93 L.Ed. 1747,

and Carter v. United States, 10 Cir., 1948, 168 F.2d 310, for the proposition that the time for filing his appeal did not begin to run until he received written notice from the clerk pursuant to Rule 49 (c), F.R.Cr.P. Rule 49(c) provides: "Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing." Apart from the fact that this is not an appeal from "an order made on a written motion", the cases cited by Gonzalez are inapposite. In the Oddo case, the court held that, "under the circumstances of the appellant's imprisonment" in Alcatraz far removed from the sentencing court, the ten-day period did not begin to run until receipt of the notice required by Rule 49(c).[1] In Carter, the court simply stated that the parties were entitled to rely on such notice. However, when the defendant has actual notice, as was the case here—Gonzalez was in the courtroom at the time of re-sentencing—there can be no reliance on the notice and the rule has no application. See Huff v. United States, 5 Cir., 1951, 192 F.2d 911, 913, certiorari denied, 1952, 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703. See also the Notes of the Advisory Committee on the Rules of Criminal Procedure which state with regard to Rule 49(c): "No consequence attaches to the failure of the clerk to give the prescribed notice * * * [except] in a case in which the losing party in reliance on the clerk's obligation to send a notice failed to file a timely notice of appeal * * *." The cases cited by Gonzalez where, un-

---

1. See also Remine v. United States, 6 Cir., 161 F.2d 1020, certiorari denied, 1947, 331 U.S. 862, 67 S.Ct. 1759, 91 L.Ed. 1868.

2. In Wallace v. United States, 8 Cir., 174 F.2d 112, 113, certiorari denied, 1949, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, where the prisoner was incarcerated and immediately upon receiving notice of the dismissal of his motion for vacation of sentence appealed, the court

held that it could assume jurisdiction to consider the merits. In Remine v. United States, note 1, supra, the court held that the time limit for appeal could not be strictly applied to a prisoner confined in a penitentiary 2600 miles from the sentencing court. See also Oddo v. United States and Carter v. United States, supra, and West v. United States, 1954, 94 U.S.App.D.C. 46, 222 F.2d 774, 779.

der special circumstances, the court permitted an extension of time for taking an appeal, are inapplicable here.[2]

We cannot reach the merits of the appeal.

For the reasons stated it must be and is dismissed.