## ROSENBLOOM *v.* UNITED STATES.

No. 451.  Decided November 25, 1957.

Petitioner *pro se.*

*Solicitor General Rankin, Assistant Attorney General Rice* and *Joseph F. Goetten* for the United States.

PER CURIAM.

The petition for a writ of certiorari is granted.  The Court of Appeals has held, without opinion, that petitioner's notice of appeal from the District Court, filed on July 8, 1957, was untimely.  The Government has conceded that the Clerk of the District Court did not mail to petitioner or his attorney a notice of the entry of the order of June 14 denying petitioner's motion for a new trial and judgment of acquittal, as required by Rule 49 (c), Federal Rules of Criminal Procedure.  In our opinion the record in this case fails to show with sufficient certainty that petitioner or his attorney had actual notice of the entry of that order by reason of the proceedings which took place in the District Court on June 14.*  Cf.

---

*The record shows the following:

"The COURT: . . .

.          .          .          .          .

"Do you want some time for your client before he turns in?
"Mr. SHAW: Your Honor, I was going to ask for some time in

*Huff* v. *United States,* 192 F. 2d 911; *Gonzalez* v. *United States,* 233 F. 2d 825, 827, reversed on other grounds, 352 U. S. 978. What transpired at those proceedings is too ambiguous to permit the conclusion that petitioner and his attorney were not justified in believing that petitioner's time to appeal would begin to run on July 8. In these circumstances we think that the Court of Appeals erred in holding that petitioner's notice of appeal was untimely. Rule 37 (a)(2), Fed. Rules Crim. Proc.; see *Carter* v. *United States,* 168 F. 2d 310. The judgment of the Court of Appeals is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

MR. JUSTICE BURTON, with whom MR. JUSTICE CLARK concurs, dissenting.

Petitioner was present in open court with his attorney at the time the court overruled his motion for a new trial. He thus had actual notice of the denial of his motion and was not entitled to rely upon an additional notice in writing from the clerk to the same effect. The colloquy quoted by the court took place later, "after calling other motions in other cases." At that time this case "was again called by the Judge and the proceedings as indicated in the transcript of the official Court reporter took place." Especially in the light of the time interval

---

which to get his affairs straightened out, and within which to file an appeal, should we so desire to do.

"The COURT: Very well. If you file an appeal, of course, if you apply for bond, I will tell you now that I will grant you bond. Be permitted to go under the bond you are under now. How much time do you want?

"Mr. SHAW: About two weeks, your Honor.

"The COURT: How about Monday, July 1st, or do you want it the 8th, the following Monday?

"Mr. SHAW: That will be all right.

"The COURT: Be given until July 8th.

"Mr. SHAW: Thank you."

between the denial of the motion and the colloquy quoted in the opinion, I believe the Court of Appeals was justified in concluding that petitioner's counsel should have understood that his motion had been denied on June 14.