**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**WILKEY GRAVEL WORKS, INC., and Ralph W. Wilkey, Defendants.**

**No. S 57 C 95.**

United States District Court
E. D. Missouri,
Southeastern Division.

Nov. 20, 1959.

John Weiss, U. S. Dept. of Labor, Kansas City, for plaintiff.

Veryl Riddle, of Riddle & Baker, Malden, Mo., for defendants.

ROY W. HARPER, Chief Judge.

This is a contempt proceedings for the alleged violation of an order of this court dated April 17, 1958. The pertinent part of the order provides as follows:

"(1) The defendants shall not, contrary to Sections 7 and 15(a) (2) of the Act, employ any employee in the production of goods for interstate commerce, as defined by the Act, for a workweek longer than 40 hours, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed."

Briefly, the facts are as follows: On November 22, 1957, the plaintiff filed his complaint seeking to secure an injunction against the defendants for the violation of the provisions of Sections 7 and 15(a) (2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 207, 215(a) (2). The defendants filed an answer to said complaint and the cause was set for trial for May 1, 1958, during the April, 1958, Term of court in this division of the district.

A few days prior to the trial date the defendants and their attorneys signed a stipulation withdrawing their answer to the original complaint and consented to the entry of a final judgment granting the relief prayed for in the complaint, and providing that costs should be taxed against the defendants. At the same time, the defendants and their attorneys signed the actual judgment to be entered by the court and consented to the entry of the judgment.

The stipulation and judgment were presented to the court by the plaintiff's attorney and the court signed the judgment on April 17, 1958. The judgment and stipulation were delivered to the clerk of the court on the same date for entry. Unfortunately, the district court clerk did not send notice of the entry of the above order to the defendants as provided in Rule 77(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the defendants for this reason contend that they cannot be guilty of contempt.

Ralph W. Wilkey, the individual defendant, who was also the president of the defendant corporation, testified that he read the judgment and the stipulation when he signed them, and that the wording in the stipulation and judgment was clear. When plaintiff's investigators contacted Wilkey with respect to the investigation that led to the bringing of the contempt proceedings, he readily admitted that he had not paid overtime wages until late September, 1958, and that he did so then only because he was furnishing materials to a contractor who had a contract covered by the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq., and he did not want to get the other party in trouble. He stated that he did not pay overtime prior to that because he did not think his operations were covered. He further said that he had very few records since the prior investigation which had led to the filing of the original complaint. Since that time he had kept most of his records in his pockets. He said that he could tell from his records what the facts were, but that no one else could.

The entire action of Wilkey after the original complaint was filed and the judgment entered indicates a complete lack of sympathy with the Fair Labor Standards Act, and while he stipulated and agreed to a judgment against himself, he continued to maintain that his operation was not covered by the Act. The

testimony and the actions of Wilkey clearly indicate that he knew this case was set for trial on May 1, 1958; that prior to that time the stipulation was filed agreeing to give plaintiff the injunction sought, and the judgment itself was signed by the defendant Wilkey, individually, and as president of the corporation; and that it was then sent to the court for entry; clearly indicating that Ralph W. Wilkey knew the judgment would be immediately entered. The defendants contend, however, that actual knowledge is immaterial if the clerk did not comply with Rule 77(d) F.R.Civ.P.

The defendants have failed to cite any case soundly supporting their view that no contempt action will be allowed where the clerk has failed to send notice of the entry of the judgment or order. Defendants do not openly contend the judgment and order are void or are held in suspension of operation until the clerk complies with Rule 77(d), but that would be the implication of the ruling they advocate in this case.

In Rosenbloom v. United States, 355 U.S. 80, 78 S.Ct. 202, 2 L.Ed.2d 110, relied on by defendants, the Supreme Court reasoned that the record failed to show with sufficient certainty that the defendant or his attorney had actual notice of the entry of the order and it had not been shown the defendant was unjustified in believing their time to appeal began to run on a date subsequent to the actual entry of the order.

Blunt v. United States, 100 U.S.App. D.C. 266, 244 F.2d 355, also relied on by defendants, involved time for appeal and Rule 49(c) of the Federal Rules of Criminal Procedure. There, the defendant had already been taken to jail and was without counsel when the entry was made. The court did not treat actual notice as "immaterial" and noted they were not considering what effect such notice would have on the requirement of Rule 49(c) F.R.Crim.P.

Commercial Credit Corp. v. United States, 8 Cir., 175 F.2d 905–907, also involved the time for appeal. Under the facts of that case the court treated Rule 77(d) as having the force and effect of law, but they directed attention to the fact that neither the plaintiff nor his counsel knew of the court's entry of its findings, conclusions and judgment.

██ However, the defendants completely ignore the fact that the courts have repeatedly held that if a person has actual knowledge of an injunction he may be amenable to it even if he were not a party to the suit and was not served with a copy of the injunction. Ex parte Lennon, 166 U.S. 548, 549, 17 S.Ct. 658–660, 41 L.Ed. 1110; Hill v. United States, 10 Cir., 33 F.2d 489–490.

The fact that the clerk did not send the notice specified in Rule 77(d) F.R. Civ.P., does not preclude the defendants from being held in contempt if the defendants had knowledge of the judgment. The court is of the opinion, as previously stated, that the facts surrounding the entry of the judgment clearly indicate the defendants had actual knowledge that the order would be entered before May 1, 1958, the date on which the case was for trial. Even if that be not true, the defendant Wilkey admitted that he was advised on or about August 11, 1958, by Harper Barnes, an attorney for the plaintiff, of the entry of the judgment, and he did nothing after receipt of the letter from the plaintiff's attorney to comply with the judgment. Certainly, even under the wildest claims of the defendants, they became guilty of contempt on August 12, 1958, although the defendants would have the court hold that the clerk alone could notify the defendants of the order to support a finding of contempt.

The defendants further contend that their operation was not subject to the Act. A stipulation was filed with respect to the defendants' business, and that stipulation sets out the amount of business the defendants did with the Missouri Highway Department and where the gravel was placed. It is well settled that the defendants' operation is subject to the Act. Alstate Construction Co. v. Durkin, 345 U.S. 13, 73 S.Ct. 565, 97 L. Ed. 745; Tobin v. Johnson, 8 Cir., 198 F.2d 130.

The evidence detailing the work performed by the defendants' employees during the period in question shows the defendants clearly subject to the Act, and the failure of the defendants to pay overtime constituted a violation of the judgment entered by this court. The defendants' refusal to keep proper records is a violation of the Fair Labor Standards Act, and the original judgment should be amended so as to include a requirement that the defendants keep proper records.

The court is going to find the defendants in contempt of the overtime provisions and in order to purge themselves of contempt must make restitution of the back wages to the employees Hawkins, Hogan, Johnson, Littrell and Orr, as computed, and the United States Department of Labor will be reimbursed for its costs and expenses in prosecuting this contempt in the amount of $1,000, plus court costs.

Attorneys for the plaintiff will prepare the proper findings of fact, conclusions of law and judgment to be entered by the court, submit a copy to the attorneys for the defendants, and the original to the court for entry.