**UNITED STATES of America,
Appellee,**

v.

**Evan WILLIAMS, Appellant.**

**No. 74–1372.**

United States Court of Appeals,
Eighth Circuit.

Dec. 30, 1974.

J. William Gallup, Omaha, Neb., for appellant in this Court but did not file appearance.

William K. Schaphorst and Thomas D. Thalken, Omaha, Neb., for appellee in this Court but did not file appearance.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendants Evan Williams and Dennis Swanson were convicted by a jury of aiding and abetting in the distribution of heroin. Their convictions were affirmed by this court. United States v. Williams, 484 F.2d 176 (8th Cir.), cert. denied, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973). Thereafter Williams filed timely motions for new trial and reduction of sentence. The new trial motion was premised upon affidavits purporting to reflect newly discovered evidence. The district court held an evidentiary hearing. Its order denying both motions was entered on May 7, 1974. Williams has appealed.

The following motions are now before the court: the government's motion for summary dismissal on the ground that defendant's notice of appeal was not timely filed; the motion of defendant's appointed counsel to withdraw on the ground that any appeal would be frivolous; and the motion of defendant himself for appointment of new counsel.

■ At the outset, the government's motion for summary dismissal is denied. We construe the district court's acceptance of the notice of appeal as a grant of additional time to file pursuant to Fed.R.App.P. 4(b) even though no formal order is entered to that effect. United States v. Mills, 430 F.2d 526, 527–528

(8th Cir. 1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971).

■ At the hearing below two witnesses testified that they were residents of the house where defendants were arrested. Their testimony was offered for the purpose of showing that defendants did not aid and abet the sale of heroin. The trial court held:

> Having listened to this testimony and viewed the demeanor of the witnesses, it is the Court's opinion that their credibility would not satisfy a jury. The inconsistencies in the testimony and affidavit of Mike Latoza are particularly glaring. Debbie Latoza was absent at the crucial times. Moreover, none of the testimony directly contradicts Yarpe's testimony that on the morning of the arrest the defendants brought the heroin to the house. Both of the Latozas had gone to work that morning and were not present at the house at the time the defendants arrived and the distribution occurred. For these reasons, the Court finds the new evidence will not probably produce acquittals and the motions for new trial should be overruled.

We have examined the transcript and are satisfied that the trial court did not abuse its discretion in the above ruling.

■ The sentence given defendant, ten years imprisonment plus the statutory special parole provision, was well within the statutory maximum. The trial court has properly exercised its discretion. We will not interfere. See Woosley v. United States, 478 F.2d 139 (8th Cir. 1973).

The questions presented for review do not require further argument. Accordingly, the motion by appointed counsel to withdraw is granted, defendant's motion for new appointed counsel is denied, and the trial court's judgment is affirmed.

See 8th Cir. R. 9(a).[1]

---

1. Appellant has failed to respond to our order to show cause why his appeal should not be dismissed as being without merit.