**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John D. STOLARZ, Defendant-Appellant.**

**No. 76–1857.**

United States Court of Appeals, Ninth Circuit.

Dec. 20, 1976.

Rehearing and Rehearing En Banc Denied May 20, 1977.

George R. Nock, Associate Professor (argued), of University of Puget Sound, School of Law, Tacoma, Wash., for defendant-appellant.

John S. Obenour, Asst. U.S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before TRASK and ANDERSON, Circuit Judges, and WOLLENBERG,* District Judge.

WOLLENBERG, District Judge:

In a one count indictment, appellant, then a prisoner at the United States Penitentiary at McNeil Island, Washington, was charged with assaulting another prisoner with intent to murder in violation of 18 U.S.C. § 113(a). Over appellant's objection, the jury was instructed that they might find him guilty either of the offense charged or the "lesser included offense" of assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. § 113(c). The jury subsequently found the appellant not guilty of the crime charged in the indictment, but found him guilty of the "lesser included offense". The principal argument advanced in this appeal is the impropriety of permitting the jury to consider a charge of assault with a dangerous weapon with intent to do bodily harm.

At the outset, however, we are confronted by a jurisdictional problem because of an apparent failure to timely file a notice of appeal in accord with the provisions of Rule 4(b), Federal Rules of Appellate Procedure. Compliance with Rule 4(b)

---

* The Honorable Albert C. Wollenberg, Senior United States District Judge for the Northern District of California, sitting by designation.

is both mandatory and jurisdictional. *Smith v. United States,* 425 F.2d 173 (9th Cir. 1970). The problem was raised by the Court at oral argument and the parties have submitted additional written arguments on the matter. We conclude that we are presently unable to consider the merits of the appeal.

Rule 4(b) provides, in pertinent part, that:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from. . . . A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket.

In this case, judgment was pronounced on March 12, 1976. The judgment was filed on March 15 and entered on the docket sheet on that date. The notice of appeal, however, was not filed until April 12, well over the ten-day period commencing on March 15. Consequently, the appeal must be dismissed as untimely unless it can be saved by one of the exceptions urged by appellant.

 Appellant points out that following the jury's verdict on February 5, 1976, he filed a motion for a new trial "upon the grounds that there were errors of law committed during the trial". Although dated February 12, a handwritten notation on the copy of the motion filed with the court indicates that the motion was apparently served on the government on February 13. The motion was filed with the clerk of the court on February 13. The district judge never ruled on this motion. However, we reject appellant's argument that this set of circumstances operated to extend the time to file a notice of appeal beyond the 10 days proscribed in Rule 4(b). That rule does provide that:

> If a *timely* motion . . . for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. (Emphasis supplied)

Since appellant's motion for a new trial was not made within seven days after the date of the jury's verdict, it was not timely under Rule 33, Federal Rules of Criminal Procedure.[1] An untimely motion for a new trial cannot operate to extend the time to file a notice of appeal. 9 *Moore's Federal Practice* ¶ 204.18 (1975).

 Furthermore, even if the new trial motion had been timely served, the time to file a notice of appeal would still have not been extended. Rule 4(b) clearly contemplates that in some instances a decision denying a motion for a new trial will be made after judgment, but we do not believe that it contemplates an open-ended period in which to appeal when a decision on a motion for a new trial is never explicitly made. Ordinarily, "[W]hen the trial judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case, and a notation of the act has been entered on the docket, the time to appeal begins to run." *Rubin v. United States,* 488 F.2d 87, 88 (5th Cir. 1973). When a district judge sentences a convicted defendant to a term of imprisonment and judgment is entered, and when, as here, defense counsel does not point out to the court at any time during the sentencing proceedings or within 10 days after entry of judgment that a motion for a new trial is pending, we believe that the entry of judgment amounts to an implicit denial of the motion for a new trial. In this situation, the time to file a notice of appeal runs from the entry of judgment.[2]

---

1. Rule 45(a), Federal Rules of Criminal Procedure, provides that February 5, the day the jury rendered its verdict, is not counted, but that the intermediate weekend days and the last day of the seven-day period is counted when determining the timeliness of a motion for a new trial. Consequently, the motion had to have been served on February 12, 1976, a Thursday.

2. Appellant's reliance on *United States v. Dieter,* —— U.S. ——, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) is misplaced, for in that case the motion for reconsideration was made after the order that was the subject of the government's appeal. Reliance on *Rosenbloom v. United States,* 355 U.S. 80, 78 S.Ct. 202, 2 L.Ed.2d 110 (1957), is also misplaced because a subsequent

■ Another exception to the 10-day requirement for the filing of a notice of appeal, the power of the district court to extend the time for filing of the notice for an additional period of up to 30 days, is also urged by appellant. Rule 4(b) provides that:

> Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

Since this permits notices of appeal to be filed up to 40 days after entry of judgment, and since appellant's notice was filed within that 40-day period, he urges acceptance of a rule developed in the Eighth Circuit that the district court's acceptance of a notice of appeal filed after the tenth and up to the fortieth day after entry of judgment is construed as a grant of additional time to file the notice under Rule 4(b). See *United States v. Williams,* 508 F.2d 410 (8th Cir. 1974); *United States v. Mills,* 430 F.2d 526 (8th Cir. 1970), *cert. denied* 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971). However, we decline to subscribe to such a rule.

We cannot accept the *Mills* reasoning that mere acceptance of the notice of appeal outside the 10-day period is a grant of additional time. There is no indication that this problem was ever brought to the attention of the district judge, and acceptance of the notice by a member of the clerk's staff does not amount to an action by the district court that is contemplated by Rule 4(b). Unlike the situation with the new trial motion discussed previously, here there is no action by the district judge that can be construed as ruling upon the problem.

In addition, adoption of the rule urged by appellant reads out of Rule 4(b) the qualification that there must be a "showing of excusable neglect" before an extension of time may be granted. Nothing indicating excusable neglect is referred to in the notice of appeal filed in this case. While the Eighth Circuit's approach does simplify the problem, we cannot by-pass the clear requirements of Rule 4(b) in an area so bound up with jurisdictional considerations. Cf. *Rothman v. United States,* 508 F.2d 648, 652–653 (3rd Cir. 1975).

■ Finally, appellant suggests that a remand to the district court for a determination on the issue of excusable neglect would be proper. The Fifth Circuit case he relies upon, *Cramer v. Wise,* 494 F.2d 1185 (5th Cir. 1974), and other Fifth Circuit decisions ordering similar remands involve litigants proceeding *pro se.*[3] While appellant was represented throughout his trial by counsel, and that attorney filed the notice of appeal,[4] in a criminal case the interests of justice require such a remand for any defendant who files a notice of appeal which would have been timely had the district court granted an extension under Rule 4(b). Assuming, *arguendo,* that the civil litigant represented by an attorney must point to something in the record indicating possible excusable neglect before a remand will be ordered, *Brainerd v. Beal,* 498 F.2d 901 (7th Cir. 1974), *cert. denied* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974), such a showing should not be required in a criminal case with its different notions of finality and the ever present possibility of later collateral attack claiming ineffective

---

amendment to Rule 49(c), Federal Rules of Criminal Procedure, provides that lack of notice of the entry of an order denying a motion for a new trial does not automatically extend the time to appeal. However, such lack of notice can, under Rule 49(c), be considered as a factor in a request for an extension of time under Rule 4(b). 3 *Wright, Federal Practice and Procedure, Criminal,* § 823.

3. See *Government of Canal Zone v. McClelland,* 506 F.2d 433 (5th Cir. 1974); *Tuley v. Heyd,* 492 F.2d 788 (5th Cir. 1974); *Bryant v. Elliot,* 467 F.2d 1109 (5th Cir. 1972); *Weaver v. State of Texas,* 469 F.2d 1314 (5th Cir. 1972). See also *Johnson v. United States,* 132 U.S. App.D.C. 4, 405 F.2d 1072 (1968).

4. Appellant is represented by another counsel on this appeal.

assistance of counsel because of the loss of an appeal.[5]

It is therefore appropriate to order a remand to the district court to allow appellant 30 days in which to request, upon a showing of excusable neglect, an extension of time to file a notice of appeal. In the meantime, we will retain jurisdiction and postpone ruling on whether to dismiss the appeal pending the outcome of the proceedings below. Remanded.

---

**5.** Confusion over the status of the motion for a new trial suggests the possibility of a basis for relief. See also footnote 2, *supra*. However, nothing in this opinion should be considered as limiting the grounds appellant may raise below or as indicating what decision the district court should reach.

Because appellant filed his notice of appeal before the fortieth day following entry of judgment, the district court has the power to grant an extension of time under Rule 4(b). A remand would not be appropriate if the notice had been filed after the fortieth day, for the district court would then not be able to grant an extension of time. *Smith v. United States, supra.*