**UNITED STATES of America,**

v.

**Antoine RICHMOND, a/k/a Shawn A. Forbes, Antoine Forbes, Appellant.**

**No. 95–5764.**

United States Court of Appeals, Third Circuit.

Aug. 1, 1997.

---

Alexander W. Booth, Jr., Brownstein, Booth & Barry, Union City, NJ, for Appellant.

Faith S. Hochberg, United States Attorney, Allan Tananbaum, Assistant U.S. Attorney, Newark, NJ, for Appellee.

Before: SLOVITER, Chief Judge, ROTH, Circuit Judge, and LUDWIG,* District Judge.

## OPINION OF THE COURT

SLOVITER, Chief Judge.

Antoine Richmond appeals the order of the United States District Court for the District of New Jersey sentencing him to a 46–month prison term, the maximum term within the appropriate guideline range.

The unchallenged facts are that Richmond, a member of an organized car theft ring, was involved in the theft, sale, and delivery of numerous luxury automobiles to undercover FBI agents operating a sham auto leasing company, Southern Leasing Systems, Inc., in Kearney, New Jersey, as part of "Operation Road Spill," an assignment targeted at organized automobile theft rings. Between March 1993 and May 1994, Richmond participated in the sale of nineteen stolen luxury cars to those undercover agents.

On October 20, 1994, Richmond was indicted on one count of conspiring to possess and sell stolen motor vehicles which traveled in interstate commerce, in violation of 18 U.S.C. § 371, and 19 counts of possessing and selling stolen motor vehicles, in violation of 18 U.S.C. § 2313. Seven co-defendants were also charged with various counts.

Richmond pleaded guilty to count one of the indictment on December 9, 1994 and the district court released him on bail on December 12, 1994. Richmond fled, violating his bail provisions, and the court issued a warrant for his arrest. The federal warrant was served after Richmond was arrested on March 31, 1995 on another charge in Connecticut. Thereafter, he was returned to New Jersey for sentencing.

On September 26, 1995, the district court sentenced Richmond to 46 months imprisonment followed by three years of supervised release, and dismissed the remaining counts against him. Final judgment was issued on September 29, 1995. Richmond argues that because he was only 18 years old at the time of the offense, the district court abused its discretion when it ordered the maximum penalty under the guideline range.

The government challenges our jurisdiction on two independent grounds, first on the untimely notice of appeal and second on the lack of appellate jurisdiction to review a sentence within the guideline range.

Richmond's notice of appeal was not filed until October 31, 1995, considerably longer than the 10 days from the entry of the judgment or order on September 29, 1995 prescribed by Fed. R.App. P. 4(b) for criminal defendants. Rule 4(b) provides in part:

> Upon a showing of excusable neglect, the district court may—before or after the time has expired, *with or without motion and notice*—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed.

Fed. R.App. P. 4(b) (emphasis added).

We have held that district courts retain the authority to grant the appealing party a Rule 4(b) extension after the 10-day period has

---

* Hon. Edmund V. Ludwig, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

elapsed so long as the appealing party filed the notice of appeal within the 30–day extension period. *United States v. Vastola,* 899 F.2d 211, 222 (3d Cir.), *vacated on other grounds,* 497 U.S. 1001, 110 S.Ct. 3233, 111 L.Ed.2d 744 (1990).

Richmond did not make a formal motion for a time extension pursuant to Fed. R.App. P. 4(b) although he did move for leave to appeal in forma pauperis and requested an extension to perfect the appeal. In *Vastola,* we noted that "[s]everal courts of appeals have construed [Rule 4(b) ] to mean that, in criminal cases, a notice of appeal filed within thirty days after the expiration of the filing period *functions as a request for an extension of time,* which may be granted retroactively by the district court after the expiration of the thirty day extension period." *Id.* at 220–21 (emphasis added). In this case, even were we to treat Richmond's filings as a motion for an extension, we would nonetheless be met with the fact that the district court did not make a ruling on the request nor did the court formally grant a Rule 4(b) extension.

At least one court has "construe[d] the district court's acceptance of the notice of appeal as a grant of additional time to file pursuant to Fed. R.App. P. 4(b) even though no formal order is entered to that effect." *United States v. Williams,* 508 F.2d 410, 410 (8th Cir.1974) (per curiam). *But cf. United States v. Anna,* 843 F.2d 1146, 1147 (8th Cir.1988) (declining to follow the "discretionary practice" of *Williams* and remanding for excusable neglect determination). We believe that result is questionable in light of the express language of Rule 4(b) that states: *"[u]pon a showing* of excusable neglect *the district court may ... extend* the time for filing a notice of appeal." Other courts have therefore held that docketing of the notice is not tantamount to the district court's formal grant of an extension because docketing is a clerical task and thus does not reflect a determination of excusable neglect made by the district court. *See United States v. Long,* 905 F.2d 1572, 1574 (D.C.Cir.), *cert. denied,* 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990); *United States v. Lucas,* 597 F.2d 243, 245 (10th Cir.1979) (per curiam); *United States v. Stolarz,* 547 F.2d 108, 111 (9th Cir.1976).

We agree, and hence were the government's second claim of a jurisdictional defect not dispositive, we would remand to the district court for determination of excusable neglect.

■ Richmond acknowledges that the sentence issued by the district court falls within the appropriate guideline range. He therefore contends that the district court abused its discretion when sentencing him to the maximum penalty. However, the applicable statute that lists the grounds upon which a defendant may appeal a final sentence does not include abuse of discretion in imposing a sentence within the guideline range. *See* 18 U.S.C. § 3742(a) (1994) (allowing a defendant to appeal a final sentence if it was imposed in violation of the law, under incorrect application of the sentencing guidelines, above the applicable guideline range, or where there is no guideline and the sentence is unreasonable). *See also United States v. Garrido,* 38 F.3d 981, 986 (8th Cir.1994); *United States v. Jones,* 18 F.3d 1145, 1150–51 (4th Cir.1994); *United States v. Braslawsky,* 913 F.2d 466, 467 (7th Cir.1990).

In related cases, we have held that we have no jurisdiction to hear an appeal from a final sentence within the applicable guideline range when the defendant is not alleging violation of law. *See United States v. Perakis,* 937 F.2d 110, 111 (3d Cir.1991) (no jurisdiction to review district court's discretionary refusal to impose substitute detention where defendant did not allege sentence was illegal); *United States v. Denardi,* 892 F.2d 269, 272 (3d Cir.1989) (no jurisdiction to review district court's discretionary refusal to depart downward from sentencing guideline). We believe the governing legal principle is the same here and thus conclude we have no jurisdiction over this appeal.

We will therefore dismiss this appeal without reaching the merits.