

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2002

# USA v. Hammary

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hammary" (2002). *2002 Decisions.* Paper 450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-2944


UNITED STATES OF AMERICA

v.

DITEKO HAMMARY
aka "Muhammad"

Diteko Hammary,
                                    Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 98-cr-00315-1
(Honorable Garrett E. Brown, Jr.)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2002

Before: SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge*

(Filed: July 26, 2002)


*The Honorable John P. Fullam, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

On May 25, 1999, Diteko Hammary pled guilty to one count of distribution and
possession with intent to distribute more than five grams of cocaine, in violation of 21
U.S.C.   841(a)(1) and (2).   Hammary was sentenced to 100 months' imprisonment,
five years' supervised release, a $3,000 fine and a special assessment of $100.  After
sentencing, Hammary assisted the government in other prosecutions.   In response, the
government filed a motion for downward departure based on substantial assistance under
Fed. R. Crim. P. 35(b).   The trial court granted the motion and re-sentenced Hammary
to 75 months' imprisonment.  We will dismiss the appeal.

I.

The government contends we have no jurisdiction because Hammary failed to
appeal in a timely manner.  We agree.  Fed. R. App. P.  4(b)(1)(A) provides:

In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
(i) the entry of either the judgment or the order being appealed; or
(ii) the filing of the government's notice of appeal.

The District Court's order granting the government's Rule 35(b) motion was entered on September 14, 2000, and Hammary's notice of appeal was filed on September 29, 2000, four days after the ten-day limit had expired.

Even though Hammary did not file a motion for extension of time for filing the notice of appeal, we have the authority to remand a case to the district court for a determination of "excusable neglect" when a defendant files an untimely notice of appeal. See Fed. R. App. 4(b)(1)(A); United States v. Richmond, 120 F.3d 434, 436 (3d Cir. 1997). But we will not do so because Hammary's appeal lacks merit and a remand would be futile.

In this case, defense counsel filed an Anders brief under Anders v. California, 386 U.S. 738 (1967). The Anders brief recites that Hammary's guilty plea was valid, the statute under which he was convicted is constitutional, and the District Court exercised proper discretion when it re-sentenced Hammary. In response, Hammary filed a pro se brief alleging ineffective assistance of counsel.

We have examined the record and agree that there is no colorable issue which supports an appeal in this case. Hammary's guilty plea was valid because he made it voluntarily and knowingly. The statute under which Hammary was convicted, 21 U.S.C. 841(a), is constitutional. The District Court acted within its discretion when it initially sentenced Hammary within the guideline range, and then later reduced that sentence by 25 percent for substantial assistance.

Hammary also claims ineffectiveness of counsel. But claims of ineffectiveness of counsel will ordinarily not be heard on a direct appeal from a criminal conviction. United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998).

II.

For the foregoing reasons we will dismiss the appeal. Defense counsel's motion to withdraw as counsel for defendant will be granted.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-2944
_____

UNITED STATES OF AMERICA

v.

DITEKO HAMMARY
aka "Muhammad"

Diteko Hammary,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 98-cr-00315-1
(Honorable Garrett E. Brown, Jr.)


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2002

Before:  SCIRICA and GREENBERG, Circuit Judges,
and FULLAM, District Judge*


JUDGMENT


*The Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This cause came to be considered on the record from the United States District Court for the District of New Jersey and was submitted pursuant to Third Circuit LAR 34.1(a) on July 11, 2002.  On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the appeal of the judgment of the District Court entered September 14, 2000, be, and the same is hereby dismissed. Defense counsel's motion to withdraw as counsel for defendant is granted.  All of the above in accordance with the opinion of this Court.


ATTEST:




Acting Clerk

DATED: 26 July 2002