

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2004

# USA v. Iacono

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Iacono" (2004). *2004 Decisions*. Paper 877.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/877

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1316

———

UNITED STATES

v.

LEONARD KIM IACONO

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:CR-01-361-001)
District Judge: Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2004

Before: ROTH, AMBRO and CHERTOFF, Circuit Judges

(Filed: April 5, 2004 )

———

OPINION

———

1

CHERTOFF, Circuit Judge.

This is an appeal by defendant Leonard Iacono from the judgment in a criminal case imposing a term of sixty months imprisonment. Iacono's counsel has filed a motion to withdraw and a brief in support of that motion pursuant to the decision in Anders v. California, 386 U.S. 738 (1967). For the following reasons, we will affirm and grant counsel's motion to withdraw.

I.

On March 11, 2002, Leonard Iacono pled guilty to (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (2) possessing a firearm as an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). Iacono's presentence report calculated a total offense level of 21 and a criminal history category of V, which corresponded to a sentencing range of 70-87 months.

In accordance with a plea agreement between Iacono and the government, the government recommended to the District Court that it impose a sentence at the bottom end of the guideline range. The government also filed a U.S.S.G. § 5K1.1 motion, based on Iacono's substantial assistance, asking the District Court to depart downward thirty percent from the low end of the guideline range.

The District Court granted the government's motion for a downward departure, but the Court did not "necessarily accept[] the figures" the government recommended. The Court decided that a downward departure of 24 months was appropriate and that the 24

2

months should be deducted from the sentence that it would have imposed absent the departure, which the Court decided was 84 months ("the middle to the higher end of the guideline range"). Tr. 8, 10. The Court therefore sentenced Iacono to 60 months imprisonment. Iacono's judgment of sentence was entered in the docket on December 17, 2002.

On January 21, 2003, Iacono filed a *pro se* motion, which he denominated a "Motion and Brief to File Notice of Appeal Nunc Pro Tunc." The motion requested "an order investing Defendant with his appellate rights," presumably because the ten day time for appeal under Federal Rule of Appellate Procedure 4(b)(1) had expired. Supplem. App. 45. The District Court granted Iacono's motion on January 27, 2003, and Iacono filed a notice of appeal that same day. Supplem. App. 48-50. We will treat the District Court's order as an order extending the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). Iacono's appeal is therefore timely.[1]

II.

Our role here is twofold—we must (1) determine whether counsel complied with

---

[1]Despite his pending appeal, Iacono filed a motion with the District Court on March 24, 2003 seeking what he styled (1) a "correction or reduction of sentence pursuant to" Federal Rule of Criminal Procedure 35(b); and (2) a "reduction of sentence" pursuant to 18 U.S.C. § 3742. Supplem. App. 51. On May 6, 2003, the District Court denied Iacono's motion. Even if the District Court had jurisdiction to consider Iacono's motion despite his pending appeal, Iacono never filed an appeal from the District Court's May 6, 2003 order. Thus only Iacono's appeal from the judgment of sentence is properly before us.

Local Appellate Rule 109.2(a) and submitted an adequate brief; and (2) independently review the record for any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Upon considering counsel's submission, we are satisfied that he has thoroughly scoured the record in search of appealable issues and explained why the issues are frivolous. See United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Consequently, counsel's brief guides our independent review of the record. See Youla, 241 F.3d at 301. Since appellant has also submitted a brief *pro se*, appellant's brief will also guide our review. Cf. id. at 301 (where counsel's Anders brief is inadequate the Court is informed by issues raised in defendant's *pro se* brief).

Counsel's brief notes that Iacono can only feasibly appeal from the District Court's discretionary decisions to (1) calculate his downward departure from the top end of the applicable guideline range, instead of the bottom end recommended by the government; and (2) only downwardly depart 24 months. Counsel is correct that both of these arguments are frivolous. We lack jurisdiction to review either determination. See United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001) (no jurisdiction to review the extent of a District Court's discretionary downward departure for substantial assistance); United States v. Richmond, 120 F.3d 434, 436 (3d Cir. 1997) (no jurisdiction to review for abuse of discretion in imposing a sentence within the guideline range).

In his *pro se* brief, Iacono contends that his trial counsel never went over his presentence report with him and he was therefore unable to correct mistakes contained in

4

the report. He also contends that his trial counsel misled him into pleading guilty to a crime that he was not guilty of. The record is insufficient for us to determine these claims of ineffective assistance of counsel, however, and they are therefore inappropriate for review on direct appeal. See United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998).

III.

For the reasons stated above, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

_____