**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4629
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

SELVIN HODGE,

Appellant

On Appeal from the District Court
of the Virgin Islands, Appellate Division
(Crim. No. 04-cr-140)
Panel:  Hon. Raymond L. Finch, Hon. Curtis V. Gomez,
and Hon. Edgar Ross

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2010

Before: SMITH, CHAGARES, and JORDAN, Circuit Judges.

(Filed: September 3, 2010)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Selvin Hodge appeals from a judgment of the District Court of the Virgin Islands,

Appellate Division ("Appellate Division"), affirming his conviction for second-degree murder. Because Hodge filed his notice of appeal beyond the latest possible date allowed by the Federal Rule of Appellate Procedure, we will dismiss the appeal as untimely.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Hodge pled guilty to second-degree murder on April 13, 2004. Prior to sentencing, Hodge filed a motion to withdraw his guilty plea. On June 9, 2004, the Superior Court denied his motion and sentenced him to thirty years in prison. Hodge appealed his conviction to the Appellate Division, arguing, inter alia, that the Superior Court erred by denying his motion to withdraw his guilty plea. By order dated August 17, 2006 and entered by the clerk August 21, 2006, the Appellate Division affirmed his conviction.

On October 19, 2006, the clerk of this Court received a notice of appeal, postmarked October 16, 2006. The notice of appeal was signed by Hodge and dated September 22, 2006, but the notice does not contain any indication that it was sent on that date. Upon receipt, the clerk of this Court forwarded the notice of appeal to the clerk of the Appellate Division to be docketed and certified to this Court.

II.

Under the appellate rules in effect at the time of this appeal,[1] a criminal defendant must file a notice of appeal in the district court within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The district court may extend this time period based on a finding of excusable neglect or good cause,[2] but the rules do not permit any further extension. Fed. R. App. P. 4(b)(4); see Vastola, 800 F.2d at 221. For an inmate confined in a correctional institution, the rules provide that "notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Id. Under 28 U.S.C. § 1746, an unsworn statement must include a declaration that the statement is "true under penalty of perjury." The appellate rules also provide that if a notice of appeal is "mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received

---

[1]Effective December 1, 2009, the rules for calculating time were amended. We apply the rules that were in effect when the notice of appeal was filed.

[2]Some courts have treated a late-filed notice of appeal as a motion for an extension of time. See United States v. Vastola, 899 F.2d 211, 220-21 (3d Cir. 1990), vacated on other grounds 497 U.S. 1001 (1990) ("Several courts of appeals have construed this provision to mean that, in criminal cases, a notice of appeal filed within thirty days after the expiration of the filing period functions as a request for an extension of time . . . ."); see also United States v. Richmond, 120 F.3d 434, 436 (3d Cir. 1997) (citing Vastola, 899 F.2d at 220-22). The rules do not authorize a court to extend the deadline beyond the thirty-day period specified in Rule 4(b)(4), however. See Vastola, 899 F.2d at 221 (stating that a district court "can only extend the filing period for thirty days").

and send it to the district clerk." Fed. R. App. P. 4(d). In this scenario, the notice is "considered filed in the district court on the date so noted." Id.

In this case, the judgment of the Appellate Division was entered August 21, 2006. Hodge signed a notice of appeal with a date of September 22, 2006, but this date was not substantiated through any of the methods for an incarcerated appellant to show timely filing set forth in Rule 4(c)(1). The notice of appeal was not notarized, nor did it include a declaration that its contents are "true under penalty of perjury" as specified in 28 U.S.C. § 1746. The notice of appeal is date-stamped as received by the clerk of this Court on October 19, 2006 and by the clerk of the Appellate Division on October 23, 2006. Under the appellate rules, the earliest that the notice of appeal can be considered filed is the October 19, 2006 date noted by the clerk of this Court. See Fed. R. App. P. 4(d).

The notice of appeal was not filed within the time limits specified by Rule 4. Since the judgment of the Appellate Division was entered on August 21, 2006, the ten-day period set forth in Rule 4(b)(1)(A) expired on September 5, 2006.[3] Although the Appellate Division had the authority to extend this time period by thirty days, Fed. R. App. P. 4(b)(4), it did not do so, and the latest possible date that it could have set would have been October 5, 2006. Since the notice of appeal cannot be considered to have been filed until October 19, 2006, Fed. R. App. P. 4(d), the appeal would have been untimely

---

[3]For time periods less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded. Fed. R. App. P. 26(a).

4

even if the Appellate Division had extended the time period by a full thirty days.[4]  The government has objected to the appeal as untimely by raising this argument in their responsive brief.  See  United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009) (holding that "an appellee may object to the timeliness of an appeal for the first time in its merit brief").  Accordingly, we need not consider Hodge's argument that the time limit for filing a criminal appeal is a non-jurisdictional claim-processing rule under Bowles v. Russell, 551 U.S. 205 (2007).  See Eberhart v. United States, 546 U.S. 12, 18-19 (2005) (noting that claim-processing rules "assure relief to a party properly raising them," even though they "do not compel the same result if the party forfeits them"); DL Resources, Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 214 n.3 (3d Cir. 2007) (explaining that it is unnecessary to address whether Rule 4 is jurisdictional where the appellee raised a timely objection to a late-filed notice of appeal).

III.

For the foregoing reasons, we will dismiss the appeal as untimely.

---

[4]For this reason, there is no reason to consider remanding the case to the Appellate Division to evaluate excusable neglect or good cause, see Richmond, 120 F.3d at 436, including Hodge's argument that his untimely appeal resulted from appellate counsel's ineffective assistance.

5