**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PETRO KRYLOV, <br><br> Defendant - Appellant. | No. 08-50033 <br><br> D.C. No. CR-02-00220-SJO-3 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 14, 2011[**]
Pasadena, California

Before: WARDLAW, BYBEE, and M. SMITH, Circuit Judges.

Petro Krylov appeals his conviction and sentence, challenging the district

court's failure to grant his motion for a mistrial. Although the district court never

formally ruled on his motion, we nonetheless treat the court's failure to act as an

implicit denial of Krylov's motion. *See United States v. Stolarz*, 547 F.2d 108, 110

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1976) ("[T]he entry of judgment amounts to an implicit denial of [a] motion for a new trial."). Accordingly, we review the district court's decision for abuse of discretion. *United States v. Pineda-Doval*, 614 F.3d 1019, 1036 (9th Cir. 2010).

Krylov argues that he was deprived of a fair trial because the government improperly undermined his ability to present a duress defense by challenging the link between his crimes and Russian organized crime syndicates. Specifically, he contends that the government's cross-examination of his expert witness, in which the prosecutor questioned the link between Krylov's crimes and a global Russian mafia, contradicted earlier representations the government made in its motion to empanel an anonymous jury, in which it contended that there was some link between Krylov's crimes and organized crime.

The district court did not abuse its discretion by failing to grant Krylov's motion for a mistrial. The prosecutor's cross-examination of Krylov's witness did not violate the doctrine of judicial estoppel because the government did not adopt a position "clearly inconsistent" with a previous one. *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008). Furthermore, Krylov has not demonstrated that the prosecution's questions were designed to knowingly elicit false testimony from his witness. *See United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir.

2003) (citing *Napue v. Illinois*, 360 U.S. 264, 269–71 (1959)). Accordingly, we hold that the prosecution's cross-examination of Krylov's expert witness did not deprive him of a fair trial.

AFFIRMED.