STATE OF HAWAII, Plaintiff-Appellee *v.* CALVIN L. DELANEY, Defendant-Appellant

NO. 5708

SEPTEMBER 12, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, KIDWELL, JJ., and KATO, Circuit Judge, in place of MENOR, J., absent

*Per Curiam.* The State moved to dismiss for failure on the part of defendant to perfect his appeal. Upon argument on July 15, 1975, by oral order the motion to dismiss was denied and the time to file an answering brief was extended for the period of 60 days from July 15, 1975.

Defendant was charged with the offense of promoting a harmful drug in violation of sections 1243 and 1244(1)(b) of the Hawaii Penal Code. An order denying defendant's motion to suppress evidence and defendant's motion for disclosure of identity of informant was filed on July 13, 1973. The facts were then stipulated and on June 3, 1974, the defendant was found guilty of both charges. Defendant was sentenced on July 19, 1974, and on that date filed a notice of appeal. The judgment of conviction of defendant was not entered until September 25, 1974. On October 15, 1974, defendant filed a notice of appeal from the judgment of conviction as well as from the order of July 13, 1973, denying defendant's motions. The State contends that the appeal must be dismissed because it was not taken within ten days after the entry of judgment of conviction as provided by H.R.Cr.P., Rule 37(c). Defendant concedes that the notice of appeal filed on July 19, 1974, was insufficient to confer appellate jurisdiction upon this court under *State v. Dawson,* 54 Haw. 400, 507 P.2d 723

(1973), and *State v. Bulgo*, 45 Haw. 501, 370 P.2d 480 (1962). However, defendant contends that the second notice of appeal filed October 15, 1974, was timely under the unusual facts of this case. The essential facts are presented by affidavit of defendant's counsel and are not controverted.

Although it is not clear whether defendant's counsel had reason to expect that a form of judgment of conviction would be submitted to the circuit court by counsel for the State, defendant's counsel had no knowledge of the date upon which the judgment of conviction was entered and filed until October 11, 1974.

No notice of the entry of the judgment of conviction was given to defendant's counsel by the clerk of the circuit court or by counsel for the State. A file-stamped copy of the judgment of conviction was delivered to defendant's counsel on October 11, 1974, when he was present in the office of the Maui County Attorney, on which occasion defendant's counsel was informed that the State intended to attack any appeal as untimely. The State's motion to dismiss the appeal was not filed in this court until July 7, 1975, after the filing of defendant's opening brief.

Rule 24 of the Rules of the Circuit Courts directs that "The court shall immediately notify counsel of the filing of * * * any * * * decision or opinion of the court." The Rules of the Circuit Courts are clearly applicable to criminal proceedings, although Rule 32 provides that to the extent that there is any conflict with the Hawaii Rules of Criminal Procedure, the latter shall prevail. The Hawaii Rules of Criminal Procedure being silent with respect to the giving of notice of the entry of judgment of conviction, there is no conflict.

A judgment of conviction is required to be signed by the judge and entered by the clerk. H.R.Cr.P., Rule 32(b). It constitutes the definitive expression of the court's decision with respect to defendant's guilt and is embraced by the word "decision" in Rule 24 of the Rules of the Circuit Courts. The failure of defendant's counsel to receive notice of the entry of the judgment of conviction was attributable to default on the part of the clerk of the circuit court in providing the notice required by Rule 24. The notice of appeal was filed promptly

and within 10 days after defendant's counsel became aware of the entry of the judgment of conviction.

The Hawaii Rules of Criminal Procedure contain no provision for extending the time for taking an appeal from a judgment of conviction. Rule 4(b) of the Federal Rules of Appellate Procedure deals with this problem and provides that the 10-day period for filing a notice of appeal may be extended before or after the time has expired, upon a showing of excusable neglect, for a period not to exceed 30 days from the expiration of the original period. Before the inclusion in the Federal Rules of Appellate Procedure, by the 1966 amendments, of the provision for extension upon a showing of excusable neglect, both the Federal Rules of Appellate Procedure and the Federal Rules of Criminal Procedure were silent with respect to any extension and were subject to the difficulties with which we must deal in this case.

In *Rosenbloom v. United States*, 355 U.S. 80 (1957), the clerk of the district court did not mail to defendant's counsel a notice of the entry of an order denying defendant's motion for a new trial and judgment of acquittal, as required by the Federal Rules of Criminal Procedure. In the absence of a sufficient showing that defendant or his counsel had actual notice of the entry of the order, it was held that a notice of appeal filed more than 10 days after the entry of the order was timely.

In Moore's Federal Practice (2d ed.) it is stated that "[t]he clear implication is that failure of the clerk to mail the notice of entry and lack of *actual* notice of the entry may constitute 'excusable neglect' within the meaning of the new relief provisions in Rule 4(b)''. 8A Moore's Federal Practice (2d ed.) ¶ 37.05(2). It is further stated that "in the unusual case in which no notice whatever of the entry of the judgment or order is received, the rule in *Rosenbloom* should be applicable, and the time for appeal should not begin to run until notice is in fact received'', even though the additional 30-day period may have expired. 9 Moore's Federal Practice (2d ed.) ¶ 204.03.

We hold that upon the facts of this case the appeal was timely.

*Steven R. Scott,* Deputy County Attorney, County of Maui, for plaintiff-appellee, for the motion.
*Andrew S. Hartnett* for defendant-appellant, contra.