STATE OF HAWAII, Plaintiff-Appellee, *v.* CHARLES HAROLD FERREIRA, Defendant-Appellant

NO. 6739

JUNE 9, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. This is an attempted appeal from an order denying a post-judgment motion to set aside guilty pleas and to correct allegedly illegal sentences. The State's motion to dismiss contends that the notice of appeal was untimely. We find that under the unusual facts of this case the appeal was timely.

Appellant concedes that his notice of appeal was filed a total of 50 days after entry of the order being appealed. Appellant argues that under *State v. Delaney*, 56 Haw. 444, 540 P.2d 61 (1975), the appeal should be deemed timely because the notice of appeal was filed within 10 days after counsel first received notice of the order's entry.

Upon a showing of excusable neglect, Rule 37(c) of the Hawaii Rules of Penal Procedure authorizes an extension not to exceed 30 additional days for the filing of a notice of appeal. Penal Rules 45(b) and 49(c) forcefully provide that further extensions are not permitted. The State contends that by the terms of these rules an appeal is necessarily invalid if it is noticed more than 40 days after entry of the judgment or order being appealed.

Appellant's post-judgment motion to set aside guilty pleas and to correct allegedly illegal sentences was filed on June 27, 1977, alleging that Appellant's mental condition undermined

the guilty pleas and was inconsistent with the sentences of imprisonment imposed by the trial court. The motion was heard on July 7, 1977. The court took the matter under advisement. During the week of July 25, 1977, counsel's staff inquired about the motion and was informed that a decision had not been rendered, and was further advised to await a written decision of which notice would be given by transmittal of a copy to counsel. On August 10, 1977 the written order denying the motion was filed, but notice thereof was not given to Appellant's counsel as required by Rule 49(c) of the Hawaii Rules of Penal Procedure. On September 21, 1977 counsel first learned of the order's entry in response to an inquiry addressed to the court clerk. The notice of appeal was filed on September 29, 1977.[1]

*State v. Delaney, supra,* was decided under the former Hawaii Rules of Criminal Procedure, which were superseded by the Hawaii Rules of Penal Procedure on January 1, 1977. *Delaney* held that the notice of appeal in that case, filed 21 days after entry of judgment, was timely where the court clerk had failed to give notice of the entry of judgment as required by the rules of the circuit court and the notice of appeal was filed within 10 days after counsel had knowledge of the entry of judgment. *Delaney* relied on *Rosenbloom v. United States,* 355 U.S. 80 (1957), and on commentary in Moore's Federal Practice. Summarizing Professor Moore's commentary with approval, *Delaney* said:

> It is further stated that "in the unusual case in which no notice whatever of the entry of the judgment or order is received, the rule in *Rosenbloom* should be applicable, and the time for appeal should not begin to run until notice is in fact received", *even though the additional 30-day period may have expired.* 9 Moore's Federal Practice (2d ed.) ¶ 204.03.

56 Haw. at 446 (emphasis added).

---

[1] The facts recited here are provided by affidavit of counsel and have not been challenged by the State.

The present case differs from *Delaney* in significant respects. Rule 49(c) of the Rules of Penal Procedure now provides:

Notice of Orders. Immediately upon the entry of a judgment or an order made on a written motion subsequent to arraignment the clerk shall mail to each party a notice thereof and shall make a note in the docket of the mailing. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 37(c).

The provision of Rule 37(c), to which reference is made in Rule 49(c), permits extension of the time for appeal for not more than 30 days from the expiration of the original period of 10 days, or to a total period of 40 days. This period had expired on September 21, 1977, when Appellant's counsel obtained knowledge of the entry of the order.

The apparent effect of Rule 49(c) is that the neglect by the clerk of his duty to give notice of the entry of a judgment or order may deprive the defendant of the opportunity to take a timely appeal, since any date to which the time to appeal may permissibly be extended may have passed before defendant's counsel obtains knowledge of the entry of the judgment or order. The harshness of this rule is moderated by the second sentence of Rule 37(c) of the Rules of Penal Procedure, which permits counsel after announcement of the court's decision to protect against such neglect on the part of the clerk by placing a notice of appeal on file. This sentence reads:

A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

Both of the provisions quoted from Rules 37(c) and 49(c) are contained in the federal rules, with respect to which Professor Moore's comment as quoted in *Delany* was uttered. We agree that the unusual case may exist under the Hawaii Rules of Penal Procedure, as well as under the former Hawaii Rules of Criminal Procedure, in which the neglect of the court clerk to give notice of the entry of a judgment or order

should not operate to deprive a defendant of his appeal. When giving consideration to the proposed Rules of Penal Procedure in light of Delaney, it appeared to this court that the opportunity of a defendant under Rule 37(c) to file a notice of appeal at any time after announcement of a decision, sentence or order, without awaiting entry of the judgment or order, obviated the need to modify the stringency of Rule 49(c). In the present case, however, Appellant was not provided that opportunity and Rule 49(c) has an effect which was not intended.

There having been no announcement of the court's decision or notice of the entry of the order prior to September 21, 1977, the rule of *Delaney* is applicable and time for filing Appellant's notice of appeal commenced to run on that date.

The motion to dismiss is denied.

*Roy K. S. Chang*, Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee, for the motion.

*Marie N. Milks*, Deputy Public Defender, for defendant-appellant, contra.