967 P.2d 236

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Ellen IRVINE, Defendant–Appellant.**

No. 21626.

Supreme Court of Hawai'i.

Oct. 7, 1998.

---

Reinhard Mohr, Honolulu, for defendant-appellant Ellen Irvine.

Loren J. Thomas, Deputy Prosecuting Attorney, for plaintiff-appellee State of Hawai'i.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

Defendant–Appellant Ellen Irvine appeals in this criminal case from an interlocutory order of the circuit court denying a motion to suppress evidence. The order was certified for interlocutory appeal on May 18, 1998 pursuant to Hawai'i Revised Statutes (HRS) § 641–17 [1]. Upon review of the record, we dismiss this appeal for lack of jurisdiction because the certification order and the notice of interlocutory appeal are untimely.

## I. *BACKGROUND*

On March 24, 1997, Irvine was charged by complaint with promoting a dangerous drug in the first degree, HRS § 712–1241(1)(a), and unlawful use of drug paraphernalia, HRS § 329–43.5(a). The charges were filed after the police searched Irvine's home on the strength of a search warrant and seized an amount of crystal methamphetamine and several glass pipes.

Irvine moved to suppress the evidence seized under the search warrant on the ground that the warrant was unconstitutionally vague and overbroad. The circuit court conducted a hearing on the motion on December 12, 1997, took the motion under advisement, and advised the parties by minute order of January 22, 1998 that the motion was denied. A written order denying the motion was entered on April 6, 1998.

On March 20, 1998, while the written order denying the motion to suppress was being prepared, Irvine moved the circuit court under HRS § 641–17 for leave to take an interlocutory appeal of the decision denying the motion to suppress. Leave to take an interlocutory appeal was orally granted by the circuit court on March 25, 1998. A written order allowing the interlocutory appeal was entered on May 18, 1998. In the order, the

1. **[HRS] § 641–17 Interlocutory appeals from circuit courts, criminal matters.** Upon application made within the time provided by the rules of the supreme court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the supreme court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court.

circuit court found and concluded that "an interlocutory appeal will more speedily determine the litigation insofar as Defendant, arguably, has raised a meritorious issue for appeal, which, if decided in her favor, will avoid trial." Irvine filed her notice of interlocutory appeal on June 9, 1998.

## II. *DISCUSSION*

The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision. Therefore, the right of appeal and, by extension, the parameters of appellate jurisdiction, are limited as provided by the legislature through statute. Hence, compliance with the methods and procedures prescribed by statute is obligatory.

*Grattafiori v. State,* 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (citations omitted).

HRS § 641–17 authorizes a defendant in a circuit court criminal case to appeal "from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever 'the judge in the judge's discretion may think the same advisable for a more speedy termination of the case." The defendant may be granted an interlocutory appeal "upon application made within the time provided by the rules of the supreme court[.]" HRS § 641–17. The applicable rule of the supreme court, Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b), provides in relevant part:

In a criminal case, whether the appeal is one of right or is an *interlocutory appeal,* the notice of appeal by a defendant shall be filed in the circuit or district court *within 30 days after the entry of the* judgment or *order appealed from.*

HRS § 641–17 is identical to the statute allowing interlocutory appeals in civil cases,

HRS § 641–1(b).[2] We have imposed the same certification requirement for both statutes. *See Mason v. Water Resources International,* 67 Haw. 510, 512, 694 P.2d 388, 389 (1985) ("If any order is entered, other than a final judgment, and a party moves for an interlocutory appeal pursuant to HRS § 641–1(b) or 641–17, the trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.").

■ HRAP 4(b) is identical to the supreme court rule allowing interlocutory appeals in civil cases, HRAP 4(a)(1).[3] We have interpreted HRAP 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the ... order appealed from" to mean that:

It is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal *all within 30 days from the filing of the order appealed from,* unless the time for appeal is extended pursuant to HRAP 4(a)(5).

*King v. Wholesale Produce Dealers Ass'n of Hawaii,* 69 Haw. 334, 335, 741 P.2d 721, 722 (1987) (emphasis added). We interpret HRAP 4(b) the same way. If a defendant in a criminal case seeks to take an interlocutory appeal from a circuit court order, it is necessary for the defendant to move for an order allowing the interlocutory appeal, for the circuit court to enter the certification order, and for the defendant to file the notice of interlocutory appeal all within 30 days from the date the order appealed from is entered, unless the time for appeal is extended pursuant to HRAP 4(b).

2. **[HRS] § 641–1 Appeals as of right or interlocutory, civil matters.**

\* \* \*

(b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the

circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

3. HRAP 4(a)(1) provides in relevant part that "[i]n a civil case in which an appeal is permitted by law as of right from a court or agency or by an order of a court granting an interlocutory appeal, ... the notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from."

In the instant case, the circuit court's decision denying the motion to suppress evidence was announced on January 22, 1998, and the written order denying the motion was entered on April 6, 1998. By the time the order was entered, Irvine had already moved for and had already been granted leave to take an interlocutory appeal of the April 6, 1998 order. The circuit court prepared a certification order containing the findings and conclusions required by HRS § 641–17, but the order was not entered until May 18, 1998, 42 days after entry of the April 6, 1998 order. Irvine did not file her notice of interlocutory appeal until June 9, 1998, 64 days after entry of the April 6, 1998 order. The time for appeal had not been extended and could not have been extended past June 5, 1998.[4] The May 18, 1998 certification order and the June 9, 1998 notice of appeal are both untimely.

In criminal cases, we have made exceptions to the requirement that notices of appeal be timely filed. Our recognized exceptions involve circumstances where: (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance; *State v. Knight,* 80 Hawai'i 318, 323–24, 909 P.2d 1133, 1138–39 (1996); or (2) the trial court's decision was unannounced and no notice of the entry of judgment was ever provided; *State v. Ferreira,* 59 Haw. 255, 580 P.2d 63 (1978). Neither exception applies in this case.

### III. *CONCLUSION*

Based on the foregoing, we dismiss Irvine's appeal for lack of appellate jurisdiction.

---

4. HRAP 4(b) permits the trial court to extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of [the original 30–day period]."