STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ERNEST CHAVIRA, JR., aka Ernest Chaviera, aka Ernie, aka, Fly, aka Mosca, Defendant-Appellant
No. 29082
Intermediate Court of Appeals of Hawaii
February 25, 2009.
On the briefs:
Matthew S. Kohm, for Defendant-Appellant.
Kristin Coccaro, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Ernest Chavira, Jr. (Chavira), aka Ernest Chaviera, aka Ernie, aka Fly, aka Mosca appeals from the February 9, 2007 Judgment and the February 25, 2008 Order Denying Defendant's Motion for Reduction of Sentence entered in the Circuit Court of the Second Circuit (circuit court).[1]
Chavira pleaded no contest to Attempted Manslaughter, in violation of Hawaii Revised Statutes (HRS) §§ 705-500(2) (1993) and 707-702 (Supp. 2008) and Carrying or Use of Firearm in the Commission of a Separate Felony, in violation of HRS § 134-6(a) (Supp. 2005). The circuit court convicted Chavira and sentenced him to twenty years imprisonment on each count. It also ordered that the sentences be served consecutively.
On appeal, Chavira contends that (1) his trial counsel was ineffective for failing to timely file a notice of appeal in the instant case which caused him to waive his right to appeal, (2) the circuit court abused its discretion by sentencing him to consecutive sentences, because the court considered extraneous matters, and (3) the circuit court erred by denying his Motion for Reduction of Sentence, pursuant to Rule 35 of the Hawai`i Rules of Penal Procedure (HRPP Rule 35 motion).
The State argues that this court does not have jurisdiction to hear Chavira's appeal because his notice of appeal was untimely. However, "[i]n criminal cases, [the supreme court has] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai`i 404, 407, 967 P.2d 236, 239 (1998). The recognized exceptions include "circumstances where . . . defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" Id. Chavira's untimely appeal appears to be due to the inexcusable failure of Chavira's trial counsel to timely pursue Chavira's appeal from his conviction in the first instance, and thus, one of the recognized exceptions applies in this case. Accordingly, we have jurisdiction to consider Chavira's appeal.
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Chavira's points of error as follows:
(1) In view of our determination that we have jurisdiction to hear this appeal, we need not address Chavira's contention that his trial counsel was ineffective for failing to timely file a notice of appeal.
(2) We reject Chavira's claim that the circuit court improperly considered extraneous factors in sentencing Chavira. To the contrary, the record establishes that the circuit court considered only appropriate sentencing factors, as required by HRS §§ 706-668.5 and 706-606 (1993). See State v. Smith, 106 Hawai`i 365, 379, 105 P.3d 242, 256 (App. 2004). Chavira's Sentencing Statement, which was made part of the presentence report upon his request, brought up the issue of Chavira's early involvement with gangs, alcohol, and drugs while he was growing up in California and explained the factors that had caused that involvement, including his parents' own involvement in a gang. The circuit court acknowledged the "challenging circumstances" that Chavira faced as a youth, suggesting that it viewed those circumstances as a mitigating factor. At no point did the circuit court indicate that it was imposing a harsher sentence on Chavira because of his past associations or because of where he was originally from. Thus, State v. Vinge, 81 Hawai`i 309, 916 P.2d 1210 (1996) is distinguishable.
Moreover, the circuit court's consideration of Chavira's history of substance abuse was appropriate, particularly in view of the role that Chavira's drug use and intoxication played in the instant offense. Finally, the circuit court appropriately placed significant emphasis on the circumstances of the offense, noting that it "involved unprovoked conduct, was extremely serious in nature, [and] involved the potential loss of life."
Accordingly, the circuit court did not abuse its discretion in sentencing Chavira to consecutive terms of imprisonment. State v. Rauch, 94 Hawai`i 315, 322, 13 P. 3d 324, 331 (2000); State v. Loa, 83 Hawai`i 335, 356, 926 P.2d 1258, 1279 (1996).
(3) The circuit court did not err by denying Chavira's HRPP Rule 35 motion. Chavira states in his opening brief that his "arguments above [with regard to sentencing] are applicable to this argument of appellate error and are reasserted herein." As we concluded in section (2), Chavira's arguments regarding sentencing are without merit.
Therefore, the February 9, 2007 Judgment and the February 25, 2008 Order Denying Defendant's Motion for Reduction of Sentence entered in the Circuit Court of the Second Circuit are hereby affirmed.
NOTES
[1] The Honorable Joseph E. Cardoza presided.