NO. 29125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LOPETI LUI TUUA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0393(4))

MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Lopeti Lui Tuua (Tuua) appeals from
the January 11, 2008 judgment of the Circuit Court of the Second
Circuit (circuit court),[1] convicting Tuua of Assault in the
Second Degree, in violation of Hawaii Revised Statutes (HRS)
§ 707-711(1)(d) (Supp. 2006).

I.

On July 5, 2007, Tuua was charged with Assault in the
Second Degree, stemming from an incident that occurred on
March 13, 2007, in which a bouncer was struck with a beer bottle
during a brawl at the bar.

At Tuua's jury trial, the State offered the testimony
of the assaulted bouncer, David Brown (Brown), another bouncer,
Jason Inglish (Inglish), and bartender, Renie Hamaleyian
(Hamaleyian), who were all working at the bar on the evening of
March 13, 2007. Brown and Inglish testified that Tuua was the
individual who threw the bottle at Brown. Hamaleyian testified
that he collected all the glasses and bottles, except for a
bottle held by Tuua, and while he did not see Tuua do anything
with the bottle, he did see Brown holding his head, the bottle
broken on the ground, and Tuua no longer holding the bottle.

---

[1] The Honorable Richard T. Bissen, Jr. presided.

After the State rested its case, the defense offered the testimony of Tuua and Tuua's half brother, Brandon Carter (Carter), both of whom testified that Carter was the individual who threw the bottle that struck Brown.

After the defense rested its case, instructions were settled, given, and read to the jury, and both parties proceeded with closing arguments. Following the reading of final instructions, the jury deliberated and found Tuua guilty as charged.

On January 11, 2008, Tuua was sentenced to a five-year term of probation with special conditions including imprisonment for ninety days and the judgment of conviction and probation sentence was entered.

On January 22, 2008, Tuua filed motions to withdraw and to substitute new counsel and to extend the time to file his notice of appeal for thirty days, which were both granted. On April 24, 2008, Tuua filed a second motion to extend the time to file his notice of appeal until April 30, 2008, which was granted. On April 25, 2008, Tuua filed his notice of appeal. Following this court's January 23, 2009 order to temporarily remand the case for appointment of new counsel due to Tuua's counsel's failure to file the statement of jurisdiction and opening brief, the circuit court again appointed new counsel for Tuua.

## II.

On appeal, Tuua claims (1) prior counsel's failure to timely file a notice of appeal constituted ineffective assistance of counsel, (2) the deputy prosecuting attorney (DPA) committed prosecutorial misconduct during rebuttal argument, and (3) instructions regarding lesser included offenses should have been given *sua sponte*.

III.

### A.    Ineffective Assistance of Counsel

Tuua claims prior appellate counsel's failure to timely file a notice of appeal constituted ineffective assistance of counsel, and requests that prior appellate counsel's ineffective assistance not bar his right to appeal.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996). As this is a criminal matter, HRS § 641-11 (Supp. 2009) authorizes Tuua's appeal from the January 11, 2008 judgment. However, Tuua did not file his April 25, 2008 notice of appeal within thirty days after entry of the January 11, 2008 judgment, as Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b)(1) requires. Therefore, Tuua's appeal is not timely.

Nevertheless, "[i]n criminal cases, [the Hawai'i Supreme Court has] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). The recognized exceptions include circumstances where "defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" Id.

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks, citations, and footnote omitted).

Tuua's prior appellate counsel, Steven Booth Songstad (Songstad)[2] explained to the circuit court that his staff attempted to submit the notice of appeal, but because neither the filing fee nor documentation showing Tuua was excused from tendering the filing fee was tendered, the notice of appeal was not accepted for filing. Songstad explained that as his staff did not have access to the order appointing him as counsel and he was out of state prior to these events and did not return to Hawai'i until April 14, 2008, he sought a second extension of time until April 30, 2008 to file the notice of appeal. Songstad did not explain why he could not have made other arrangements to file Tuua's notice of appeal before his return to Hawai'i.

Moreover, although Songstad sought and received a second extension of time from the circuit court, that extension was not authorized. HRAP Rule 4(b)(5) allows the trial court to "extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b)."

Thus, Tuua's failure to assert a timely appeal from the January 11, 2008 judgment appears to be the result of the ineffective assistance of Tuua's prior appellate counsel, Songstad. Under such circumstances, Tuua's failure to file a timely appeal does not preclude him from asserting an appeal from the January 11, 2008 judgment. See State v. Solomon, 107 Hawai'i 117, 125-26 n.4, 111 P.3d 12, 20-21 n.4 (2005).

B.   Prosecutorial Misconduct

Tuua next claims prosecutorial misconduct occurred in the prosecution's closing rebuttal argument.

> It is established that arguments of counsel which misstate the law are subject to objection and to correction by the court. Improper statements by [the State] may serve as grounds for vacating a judgment of conviction and remanding the case for a new trial.

---

[2]   We note that by order entered January 14, 2010, the Hawai'i Supreme Court suspended Songstad's license to practice law, effective "immediately."

> In order to determine whether reversal is required under [Hawaiʻ Rules of Penal Procedure] Rule 52(a) because of improper remarks by a prosecutor which could affect a defendant's right to a fair trial, we apply the harmless beyond a reasonable doubt standard of review. This standard requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction.

State v. Espiritu, 117 Hawaiʻi 127, 140-41, 176 P.3d 885, 898-99 (2008) (internal quotation marks, original brackets, citations, and footnotes omitted).

Tuua's challenge is based on the following portion of the DPA's closing rebuttal argument:

> [DPA]: Now, let's look at the defense that the defendant is trying to throw at you. At first glance it seems like Brandon's testimony seems very honorable. It seems like the honorable thing to do. He's basically diving on the sword for his brother, saying it was me. I'm responsible. I'm the one that threw the beer bottle. But in reality it's really not that honorable a thing to do. But actually what it is is a desperate attempt to get his brother off of these charges.
>
> Now, a person might wonder, why is that? Because a person might think, well, he's admitting to a crime, so he must be telling the truth. But is he really? Because you think about it, the only person on trial today is this defendant, Lopeti Tuua. Brandon Carter is not on trial. He can admit to anything and he won't be convicted.
>
> Now, some of you may be -- or a person might think, well, he admitted under oath that he threw the bottle. So if we find Lopeti not guilty, you can go after the brother.
>
> [Defense Counsel]: Excuse me, your Honor, I'm going to object at this time. Can we approach?
>
> The Court: Approach.
>
> (The following was held at the bench out of the hearing of the jury.)
>
> The Court: Counsel.
>
> [Defense Counsel]: Your Honor, I believe that counsel at this point is instructing the jury on law. He's making himself a witness. He's instructing them in, quite in my opinion, not an appropriate instruction on the law. I don't think that it's fair for this prosecutor to tell the jury that the State can not, in fact, prosecute Brandon Carter when certainly could.
>
> So I think --
>
> The Court: He hasn't finished what he was going to say. I don't know if he was going to say that.
>
> What's your argument?

[DPA]: It's a strategy on the defense that they're going to basically, if they find Lopeti not guilty, you know, a person might think you could go after Brandon, but then, of course, all the State witnesses could be used by the defense to say, well, hell, it was Lopeti that threw the bottle.

The Court: Yeah, there's nothing wrong with that argument. It's not an argument of law. That's not an argument of law.

[Defense Counsel]: It's improper law. Not only is it an argument of law, it's not an appropriate statement of what the law is.

The Court: The only law that the jury is going to get is what I give them. I'm not instructing them on this law.

[Defense Counsel]: Neither can [the prosecutor]. He's telling them that Brandon Carter can not be prosecuted.

The Court: He's explaining why that is. He's explaining why that is because the witnesses have testified under oath in this case would be the same witnesses calls.

[Defense Counsel]: Additionally, I don't think it's proper argument for the State to comment on the strategy of the defense, because there's no strategy that didn't happen at trial already.

I mean, you know, considering this is supposed to be based on fairness, I can't see how possibly it can be fair for the State to argue that the government is without recourse to this witness if he comes into court under oath and says that he committed the crime that somehow they can not prosecute him. That's not appropriate.

[DPA]: I'm not saying that.

The Court: That's not what he said. In fact, he hadn't finished. I asked him what he was going to finish saying. I don't think that's appropriate at all. Objection overruled.

Five minutes remaining.

(The following was held in open court.)

[DPA]: Going back to the strategy of the defense, if you found the defendant not guilty, a person might think, well, you can go after Brandon Carter because he admitted to it.

Think about it. What would the defense attorney of Brandon Carter do? He'd call every one of the State witnesses. He'd call Dave Brown. He'd call Renie Hamaleyian and he'd call Jason Inglish. Who threw the bottle? Each of them would say it's Lopeti. Each one of them.

Brandon Carter could get up on the stand and all he'd have to say is, I lied. And then what would happen? Lopeti would have been found not guilty. Defendant would have been

found not guilty. Could have just said, I lied under oath. So what?

The most that you can get him for would be charging him for lying under oath. That would be it and that's the strategy, and that's why you can't really give any credibility to Brandon Carter coming in here today and saying, hey, it was me. I threw the bottle. I kind of threw it sideways, and it kind of glanced off Dave's head and hit the wall and smashed.

Come on, ladies and gentlemen, it's not credible. It's not believable. What it is is a desperate attempt to get his brother off. That's all it is.

The analysis of a claim of prosecutorial misconduct first requires a determination of whether the conduct of the prosecutor was improper. State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005). "It is well established that '[p]rosecutors are bound to refrain from expressing their *personal views* as to a defendant's guilt or credibility of witnesses.'" State v. Suan, 121 Hawai'i 169, 174-75, 214 P.3d 1159, 1164-65 (App. 2009) (quoting State v. Sanchez, 82 Hawai'i 517, 534, 923 P.2d 934, 951 (App. 1996)) (emphasis added). However, generally speaking, prosecutors are afforded wide latitude when they comment on evidence during closing argument, State v. Mainaaupo, 117 Hawai'i 235, 253, 178 P.3d 1, 19 (2008), and "may comment on the evidence and the credibility of witness[es] and, in the process,[] belittle and point to the improbability and untruthfulness of specific testimony." State v. Cordeiro, 99 Hawai'i 390, 425, 56 P.3d 692, 727 (2002) (emphasis omitted).

Tuua argues the prosecution's rebuttal was improper because it was not based upon evidence or legitimate inferences from the evidentiary record; was meant to inflame the passions of the jury; was based on additional or personal information not before the jury; and was made when the defense would have no opportunity to respond.

Our review of the record reveals that the DPA's argument asked the jury to carefully examine the notion that Carter's testimony, when he took responsibility for the assault,

was credible because it appeared to be "the honorable thing to do
. . . diving on the sword for his brother," Tuua.  The DPA argued
that this "desperate attempt to get his brother off" was not so
honorable because Carter "won't be convicted" in Tuua's trial.
That was so, argued the DPA, because the other witnesses had
presented testimony during Tuua's trial that Carter had not
committed the offense.  As the circuit court observed, "He's
explaining why [Carter would not be prosecuted].  He's explaining
why that is because the witnesses have testified under oath in
this case would be the same witnesses call[ed]" in a subsequent
prosecution of Carter.  The DPA's argument that Carter could be
charged "at most" with lying under oath was in response to
defense counsel's complaint to the circuit court that the DPA had
argued Carter could not be prosecuted.

Taken as a whole, the DPA's argument was not an
invitation to consider matters outside the record, nor did it
state or imply that the DPA had special knowledge that the jury
should rely upon.  Rather, it was based on the evidence presented
to the jury, that there were witnesses that testified that Tuua
committed the assault.  We do not see this argument as an attempt
to inflame the jury and we conclude the DPA's argument was
proper.  As the DPA's argument was proper, it is of no
consequence that it was made during rebuttal.

Tuua also argues that the DPA's argument suggested that
Carter was lying and that Carter's testimony was procured by
Tuua.  As to the former, the prosecution is entitled to argue
that a witness is lying if the argument is based on the possible
motivations of the witness and not the personal opinion of the
prosecutor.  Cordeiro, 99 Hawai'i at 425, 56 P.3d at 727; State
v. Faluci, 917 A.2d 978, 988 (Conn. 2007).  There was no
statement of the DPA's personal opinion and the DPA's argument
was directed towards the possible motivation behind Carter's
testimony, whether his testimony was altruistic or actually
without consequences.

As to the latter claim, the testimony of Tuua and Carter conflicted with that of the State's witnesses who identified Tuua as the person who threw the bottle at Brown. The DPA's argument that Tuua and Carter had concocted a false story was based on a fair inference from the evidence.

We conclude that the DPA's argument was proper.

**C.    Lesser Included Instructions**

Tuua claims the jury instructions were incomplete and defective because they lacked a lesser included offense instruction and the circuit court should have, *sua sponte*, given this instruction.

In a criminal trial, an "accused is entitled to an instruction on every defense supported by the evidence, no matter how inconclusive the evidence may be, provided that evidence would support consideration of that issue by the jury." State v. McMillen, 83 Hawai'i 264, 265, 925 P.2d 1088, 1089 (1996). Here, both parties objected to instructing the jury on both forms of assault in the third degree--with a negligent state of mind or without a dangerous instrument--and objected to the instruction regarding mutual affray. Tuua specifically objected on the grounds that it would be confusing to the jury in light of his defense that he did not throw the bottle at Inglish. The circuit court specifically considered all of these instructions and decided that they were not supported by the evidence presented.

Nevertheless, we need not reach the issue as Tuua was convicted of the charged offense of Assault in the Second Degree. See State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d 246, 256-57 (2001) ("Such error, however, is harmless when the jury convicts the defendant of the charged offense or of an included offense

greater than the included offense erroneously omitted from the instructions.").

III.

Accordingly, the judgment entered by the Circuit Court of the Second Circuit on January 11, 2008, in this case is affirmed.

DATED:  Honolulu, Hawai'i, April 29, 2010.

On the briefs:


Matthew S. Kohm,
for Defendant-Appellant.

Chief Judge


Pamela I. Lundquist,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge