**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000949
15-APR-2020
09:15 AM**

NO. CAAP-18-0000949

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DEVIN PORTILLO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTC-18-001754)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Defendant-Appellant Devin Portillo (Portillo) appeals from the Judgment and Notice of Entry of Judgment entered September 13, 2018, by the District Court of the Fifth Circuit,[1] convicting him on one count of Excessive Speeding in violation of Hawaiʻi Revised Statutes (HRS) § 291C-105(a)(1)(2007 & Supp. 2019).[2] Portillo's conviction was predicated on evidence of a reading from a radar device that showed him driving at 72 miles an hour in a 40 mph zone.

Portillo argues the District Court erred by (1) admitting the citing officer's testimony about the manufacturer's recommendations for training users of the device,

---

[1] The Honorable Joseph N. Kobayashi presided.

[2] HRS § 291C-105(a)(1) provides: "No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more[.]"

and his own qualifications and training; and (2) admitting the speed reading where there was insufficient foundation that the radar was tested according to manufacturer's recommendations and that the radar was inspected, serviced or calibrated by the manufacturer.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we affirm the judgment.

First, we note that Portillo did not timely file his notice of appeal, which is usually grounds for dismissal. See Hawaiʻi Rules of Appellate Procedure Rule 4(b), see, e.g., Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (noting that appellate court lacks jurisdiction to hear an appeal where the appellant has not filed a timely notice of appeal). However, we may disregard the late filing in cases such as this where it appears that "defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). We decline to dismiss the appeal.

To admit the speed reading, the State must show (1) "that the [radar or] laser gun's accuracy was tested according to manufacturer recommended procedures and determined to be operating properly prior to use, and (2) that the nature and extent of the officer's training in the operation of laser guns [or radar] meets the requirements indicated by the manufacturer." State v. Gonzalez, 128 Hawaiʻi 314, 325, 288 P.3d 788, 799 (2012).

Here, unlike the testimony in Gonzalez, the State established the nature and extent of the officer's training in the use of the radar device. See State v. Rezentes, 139 Hawaiʻi 263, 388 P.3d 51, No. CAAP-15-0000294, 2016 WL 6330390 at *1 (App. Oct. 28, 2016) (SDO). Officer Shawn Hanna testified to

2

taking two training courses, one led by a fellow Kauaʻi Police Department officer and one led by a representative of the manufacturer. The classes included classroom instruction, hands-on training with the device, and written tests. The classes covered how to test the radar for accuracy. Officer Hanna explained how to perform each of these tests. He passed the written tests and was certified by the manufacturer, as a user and instructor. Officer Hanna's testimony was sufficient to establish his training "was consistent with the manufacturer's requirements." See State v. Amiral, 132 Hawaiʻi 170, 179, 319 P.3d 1178, 1187 (2014); accord State v. Gleed, 140 Hawaiʻi 25, 397 P.3d 1131, No. CAAP-16-0000373, 2017 WL 2839547, at *2 n.1 (App. Jun. 30, 2017) (SDO) (Nakamura, J. concurring) ("Just as compliance with training requirements indicated by the manufacturer would demonstrate that a person is qualified to operate the device, so would the successful completion of training provided or conducted by a representative of the manufacturer.").

Portillo argues the rule against hearsay, Hawaii Rules of Evidence (HRE) Rule 801, prohibits Officer Hanna from testifying about the manufacturer's recommendations and about his instructor's connection to the manufacturer. The Hawaiʻi Rules of Evidence do not apply to these preliminary questions relating to admissibility of the speed reading evidence. See HRE Rule 104(a) ("[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court," and "[i]n making its determination the court is not bound by the rules of evidence except those with respect to privileges"). See also HRE Rule 1101(d)(1); State v. Noga, 142 Hawaiʻi 465, 420 P.3d 995, NO. CAAP-17-0000148, 2018 WL 3135902, at *2-3 (App. Jun. 27, 2018) (SDO); Rezentes, 2016 WL 6330390, at *2 (officer could testify that the course instructor was a manufacturer representative and the course complied with the manufacturer's

training requirements, regardless of hearsay and best evidence rules); State v. Jervis, 125 Hawaiʻi 30, 251 P.3d 47, No. 30463, 2011 WL 1713501, at *1 (App. May 5, 2011) (SDO). Moreover, Officer Hanna could testify as to his own qualifications based on personal knowledge. HRE Rule 602.

This case is distinguishable from the cases which Portillo cites in support of his argument. In contrast to Gonzalez, 128 Hawaiʻi at 327, 288 P.3d at 801, the record here contained the manufacturer's requirements for training in the operation of the device. Furthermore, in contrast to State v. Gardner, 137 Hawaiʻi 248, 369 P.3d 298, No. SCWC-13-0002852, 2016 WL 1065400, at *5 (Mar. 15, 2016) (SDO), Officer Hanna testified that his training covered how to test the radar for accuracy, and that he performed these tests as instructed.

Portillo objected to the admission of the card showing the officer's certification, but the record indicates this card was not admitted into evidence. His argument regarding the service and calibration of the radar is waived because he did not raise that issue at trial. State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.").

Officer Hanna testified that the radar in this case was tested according to the manufacturer's procedures as specified in his training and found to be working properly on the date in question.

The District Court did not err in allowing Officer Hanna's testimony regarding the manufacturer's recommended procedures for testing the radar, nor did it abuse its discretion in finding this testimony was sufficient to establish the

foundation for admission of the speed reading.  <u>Gonzalez</u>, 128 Hawaiʻi at 326, 288 P.3d at 800.

Therefore, the Judgment and Notice of Entry of Judgment entered on September 13, 2018, by the District Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, April 15, 2020.

On the briefs:

Teal Takayama,
Deputy Public Defender,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge