**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000606
17-JUN-2022
08:21 AM
Dkt. 59 SO**

NO. CAAP-20-0000606

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MAXWELL BENJAMIN WERBLUN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-20-694722)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Maxwell Benjamin Werblun (**Werblun**) appeals from the District Court of the Second Circuit, Wailuku Division's (**district court**) August 12, 2020 Judgment and Notice of Entry of Judgment,[1] convicting him of Excessive Speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1), (2) (2020).[2]

Werblun contends Plaintiff-Appellee State of Hawaiʻi (**State**) did not lay sufficient foundation to introduce the speed-reading because the record is silent as to the manufacturer's training requirements to operate the LTI 2020 TruSpeed speed-

_____

[1] The Honorable Michelle L. Drewyer presided.

[2] HRS § 291C-105(a)(1), (2) provides: "(a) No person shall drive a motor vehicle at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more; or (2) Eighty miles per hour or more irrespective of the applicable state or county speed limit."

reading device (**Device**), and the State failed to demonstrate the citing officer, Ryan Elers (**Officer Elers**) met the manufacturer's training requirements; therefore, the district court abused its discretion by admitting the "testimony as to the radar speed-reading," and without the speed-reading, no substantial evidence supports the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the parties' arguments as follows, and affirm.

As to whether the State laid a proper foundation, we review the district court's determination for an abuse of discretion, State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009), and we will not disturb it unless the district court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. State v. Crisostomo, 94 Hawaiʻi 282, 287, 12 P.3d 873, 878 (2000). To lay foundation for a speed-reading, the State must demonstrate that (1) the accuracy of the device was tested according to procedures recommended by the manufacturer, and (2) "the nature and extent of an officer's training in the operation" of the device met "the requirements indicated by the manufacturer" (**Training Prong**). Assaye, 121 Hawaiʻi at 213, 215, 216 P.3d at 1236, 1238. To satisfy the Training Prong, the State "must establish both (1) the [training] requirements indicated by the manufacturer, and (2) the training actually received by the

operator." State v. Gonzalez, 128 Hawaiʻi 314, 327, 288 P.3d 788, 801 (2012).

Here, Officer Elers testified: he was trained to use the Device several times, most recently in 2019 by Roosevelt Rogers (**Rogers**), an employee of the manufacturer, LTI; the training was 32 hours and consisted of classroom instruction, testing, field instruction, and learning to operate the Device; Rogers provided LTI's user manual for the Device, which Officer Elers used during the training; the training met LTI's requirements to test and operate the Device, and it conformed to the manual; upon completion of training, Rogers certified Officer Elers as proficient in testing and operating the Device; his certification was valid the day he cited Werblun; and the training also consisted of learning the four procedures to test the Device to determine whether it is working properly, as well as LTI's recommendations for how often to test the Device and how to operate it to ascertain a vehicle's speed, all of which Officer Elers described.

Officer Elers's testimony establishes that "the training course itself was approved by the manufacturer [and] was consistent with the manufacturer's requirements," and Officer Elers's description of the course, including the testing and operating procedures he learned, was sufficient to establish "the type of training the manufacturer recommended." Cf. State v. Amiral, 132 Hawaiʻi 170, 178-79, 319 P.3d 1178, 1186-87 (2014). Moreover, the record indicated he was instructed by the manufacturer itself, which certified him to operate and test the device upon completion of training. See, e.g., State v.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Portillo, 146 Hawaiʻi 238, 461 P.3d 29, No. CAAP-18-0000949, 2020 WL 1879621, at *1 (App. Apr. 15, 2020) (SDO); State v. Rezentes, 139 Hawaiʻi 263, 388 P.3d 51, No. CAAP-15-0000294, 2016 WL 6330390, at *1 (App. Oct. 28, 2016) (SDO).

Accordingly, the district court did not abuse its discretion in determining that the State laid proper foundation for the speed-reading. THEREFORE, we affirm the district court's August 12, 2020 Judgment and Notice of Entry of Judgment.

DATED: Honolulu, Hawaiʻi, June 17, 2022.

On the briefs:

Ashlyn L. Whitbeck,
Deputy Public Defender,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

4